UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

LOU JEAN RUDD,

    Plaintiff,

v.

CASE NO.:

ONEMAIN FINANCIAL GROUP, LLC
d/b/a ONEMAIN FINANCIAL,

**DEMAND FOR TRIAL BY JURY**

    Defendant.

_____/

## COMPLAINT

Plaintiff, Lou Jean Rudd, (hereinafter "Plaintiff") by and through the undersigned counsel, sues Defendant, OneMain Financial Group, LLC d/b/a OneMain Financial, (hereinafter "Defendant") and in support thereof respectfully alleges the following:

## INTRODUCTION

1. Plaintiff alleges violations of the Federal Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

2. The TCPA was enacted to prevent companies like OneMain Financial Group, LLC d/b/a OneMain Financial from invading American citizen's privacy and prevent abusive "robo-calls."

3. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct., 740, 745, 181, L.Ed. 2d 881 (2012).

4. "Senator Hollings, the TCPA's sponsor, described these calls as 'the *1256 scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.'" 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

5. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." https://www.fcc.gov/document/fact-sheet-consumer-protection-proposal.

## JURISDICTION AND VENUE

6. This is an action for damages exceeding Seventy-Five Thousand Dollars ($75,000) exclusive of interest, fees and costs.

7. Jurisdiction and venue for purposes of this action are proper and conferred by 28 U.S.C. § 1331.

8. Venue is proper in this District as Plaintiff resides in this District, the violations described in this Complaint occurred in this District, and Defendant transacts business within this District.

## FACTUAL ALLEGATIONS

9. Plaintiff is a natural person and citizen of the State of Georgia, who resides in Muscogee County, Georgia.

10. Plaintiff is the "called party." *See Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012).

11. Defendant is a corporate entity responsible for attempting to collect a consumer debt from Plaintiff and is transacting business in the State of Georgia.

12. Defendant is a corporation which was formed in Delaware with its principal place of business located at 300 St. Paul Place, Baltimore, MD 21202.

13. Plaintiff is the regular user and carrier of the cellular telephone number at issue, (478) \*\*\*-9022 (hereinafter "cellular telephone"), and was the called party of Defendant's hereafter described calls.

14. Defendant intentionally, knowingly and/or willfully harassed and abused Plaintiff on numerous occasions by calling Plaintiff's cellular telephone number, from approximately September of 2014 through June of 2015, with such frequency as can reasonably be expected to harass, all in an effort related to the collection of the subject account.

15. Upon information and belief, some or all of the calls Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" (hereinafter "Autodialer") which has the capacity to store or produce telephone numbers to be called, without human intervention, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1).

16. Furthermore, most of the calls at issue were placed by Defendant using a "prerecorded voice," as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

17. In or about September of 2012, Defendant initiated its campaign of phone calls to Plaintiff on Plaintiff's cellular telephone.

18. Upon receipt of the calls, Plaintiff's caller ID identified the calls were being initiated from, but not limited to, the following phone numbers: (888) 202-1266, (478) 453-7509, (888) 921-2340, (888) 202-1333, (803) 835-4373, (888) 921-2342, (972) 655-3004.

19. In or about September of 2012, upon receipt of a call from Defendant, Plaintiff answered, received Defendant's pre-recorded message, held on the line to be connected to a live agent/representative and informed the agent/representative that Plaintiff requested Defendant immediately stop calling her; therefore, revoking any previously perceived express consent to be called using the Defendant's Autodialer, predictive dialer, pre-recorded message or artificial voice.

20. During the September, 2012, phone conversation with Defendant's agent/representative, Plaintiff expressly revoked any perceived express consent Defendant may have believed it had to Defendant's placement of telephone calls to Plaintiff's cellular telephone number by the use of an Autodialer or a pre-recorded or artificial voice.

21. Each of the calls Defendant made to Plaintiff's cellular telephone number, after September, 2012, were done so after she revoked consent and without the "express consent" of Plaintiff.

22. Despite Plaintiff informing Defendant to stop calling on multiple occasions, Defendant's calls to Plaintiff's cellular phone continued.

23. Due to the volume of calls received, Plaintiff was unable to maintain a fully contemporaneous call log of each and every call Plaintiff received from Defendant; however, the following is a sampling of the calls Plaintiff received:

4

      i. Three calls on June 1, 2015 at 11:51 a.m., 1:23 p.m., and 4:09 p.m.;

     ii. One call on June 3, 2015 at 9:05 a.m.;

    iii. Three calls on June 4, 2015 at 9:26 a.m., 1:32 p.m., and 3:53 p.m.;

    iv. Three calls on June 8, 2015 at 1:27 p.m., 1:35 p.m. and 3:00 p.m.;

     v. Two calls on June 9, 2015 at 2:41 p.m. and 4:05 p.m.;

    vi. One call on June 10, 2015 at 11:17 a.m.;

   vii. Three calls on June 11, 2015 at 11:18 a.m., 2:14 p.m. and 3:57 p.m.;

  viii. One call on June 12, 2015 at 2:44 p.m.;

    ix. One call on June 14, 2015 at 3:41 p.m.;

     x. Two calls on June 15, 2015 at 2:17 p.m. and 3:34 p.m.;

    xi. Four calls on June 16, 2015 at 1:37 p.m., 2:51 p.m., 4:05 p.m. and 6:18 p.m.;

   xii. Two calls on June 17, 2015 at 9:42 a.m. and 3:26 p.m.

24.    Defendant has made in excess of one hundred and fifty (150) calls to Plaintiff's cellular telephone number, all in an effort related to the collection of the subject account.

25.    The calls from Defendant continued, on average, once a day from September of 2012 through June of 2015.

26.    In addition to Plaintiff's September 2012 verbal request, she notified Defendant in writing demanding the immediate cessation of all calls to her cellular telephone, mailed to Defendant via U.S. Postal Service certified return receipt; signed for and received by an agent and/or representative of Defendant on June 8, 2015.

27. Defendant has, or should be in possession and/or control of, call logs, account notes, autodialed reports and/or other records that detail the exact number of all calls made to Plaintiff.

28. Despite actual knowledge of their wrongdoing, Defendant continued its campaign of abuse, calling Plaintiff despite not having Plaintiff's express permission to call her cellular telephone number.

29. Defendant has a corporate policy to use an Autodialer or a pre-recorded or artificial voice, and to make autodialed calls just as it did to Plaintiff's cellular telephone in this case, with no way for the called party and recipient of the calls, or Defendant, to permit the removal of Plaintiff's cellular number.

30. Defendant's corporate policy and procedures are structured as to continue to call individuals like Plaintiff, despite these individuals revoking any consent Defendant may have had to make such calls.

31. Defendant's corporate policy and procedures provided no means for Plaintiff to have her cellular number removed from the call list, or otherwise permit the cessation of and/or suppression of calls to Plaintiff from Defendant.

32. Defendant has a corporate policy of using an Autodialer or a prerecorded or artificial voice message to collect debts from individuals such as Plaintiff for its financial benefit.

33. Defendant has numerous other federal lawsuits pending against it alleging similar violations as stated in this Complaint.

34. Defendant has numerous complaints across the country against it asserting that its Autodialer continues to call people who have revoked consent to be called.

35. Defendant knowingly employs methods and/or has a corporate policy designed to harass and abuse individuals.

36. Defendant knowingly employs methods that do not permit the cessation of or suppression of autodialed calls to Plaintiff's cellular telephone.

37. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

38. As a result of these collection efforts, Plaintiff suffered stress, anxiety, nervousness, fear and worry, embarrassment, humiliation, pain and suffering, and emotional distress. Additionally, Plaintiff experienced a loss of happiness, sleep, privacy, reputation and tranquility of old age all resulting from the attempted collection an alleged debt owed by Plaintiff.

## COUNT I
### (Violation of the TCPA)

39. Plaintiff re-alleges and fully incorporates Paragraphs one (1) through thirty-eight (38) above as if fully stated herein.

40. Defendant caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

41. Defendant willfully and/or knowingly violated the TCPA, with respect to all of its calls made to Plaintiff's cellular telephone number after Plaintiff revoked consent to be called and without Plaintiff's express consent.

42. Defendant willfully and/or knowingly violated the TCPA, specifically for each of the calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant in or about September of 2012, when Plaintiff verbally withdrew, revoked, and/or terminated any alleged perceived consent Defendant believed it had to contact Plaintiff, and told Defendant to cease calling Plaintiff.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against OneMain Financial Group, LLC d/b/a OneMain Financial for statutory damages, actual damages, treble damages, costs, interest, and any other such relief the Court may deem just and proper.

Respectfully submitted,

Octavio Gomez, Esquire
Georgia Bar #: 617963
Morgan & Morgan, Tampa, P.A.
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
TGomez@ForThePeople.com
Attorney for Plaintiff